***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence or to rehear the parties or their representatives, the Full Commission adopts with minor modifications the Opinion and Award of the Deputy Commissioner.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. On 19 January 2000, plaintiff was incarcerated by defendant at the Mitchell Correctional Institute (hereinafter "MCI"). Upon his incarceration on 2 July 1997, plaintiff was in good health with no preexisting back or knee problems.
2. Plaintiff was performing his regular work duties in MCI's warehouse at approximately 7:00 a.m. Plaintiff was paid one dollar a day for his work related duties at MCI's warehouse.
3. Plaintiff entered the work site unaware that another inmate was cleaning the floor of the facility. Plaintiff stepped into some cleaning solvent and slipped. Plaintiff twisted and reached for a nearby shelf to break his fall.
4. No warning signs were posted that the floor was wet. Plaintiff testified that warning signs were usually deployed when inmates were cleaning floors. The floor color was "natural" making it difficult for a pedestrian to see the cleaning solution on the floor.
5. Plaintiff developed pain in lower back and knee. Defendant nurses returned plaintiff to his quarters and applied ice to his leg. Pain medication was prescribed. No doctor was immediately available.
6. After several days, plaintiff was referred to Dr. James Pittman. Dr. Pittman treated Plaintiff conservatively for approximately three months.
7. Plaintiff was transferred to the Warren Correctional Institute. He continued to receive conservative medical treatment for his injuries.
8. After approximately eight months, plaintiff underwent an MRI which was performed at Central Prison. The MRI revealed a herniated disc at L5-S1. Plaintiff testified that he also has a partially torn ACL. Plaintiff's medical care was referred to a specialist. Six weeks of physical therapy was initially ordered and subsequently discontinued.
9. Plaintiff continues to suffer symptoms related to his conditions and may have permanent partial disability.
 ***********
Based upon the forgoing Findings of Fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Plaintiff was working at the time of his injury through a N.C. Department of Correction work assignment; therefore, the Workers' Compensation Act is the exclusive remedy for prisoners who are injured while working. Richardson v. N.C. Department of Correction, 345 N.C. 128,478 S.E.2d 501 (1996).
2. Pursuant to N.C. Gen. Stat. § 97-13(c), plaintiff may pursue any claim he may have for work-related disability within 12 months from the date of discharge from prison. Further, defendant must file a Form 19 Employer's Report of Injury to Employee in this matter with the Industrial Commission.
 ***********
Based upon the forgoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 ORDER
1. Plaintiff's civil action is DISMISSED WITH PREJUDICE.
2. A Form 18 is attached to this Decision and Order. Plaintiff may file a workers' compensation claim for any continuing disability he may have within one year of his release from prison. The Industrial Commission's publication regarding workers' compensation law in North Carolina is also attached to this Decision and Order.
3. Defendant shall have 30 days from the date of this Decision and Order within which to file a Form 19 Employer's Report of Injury to Employee with the Industrial Commission.
4. No costs are taxed in this civil action as Plaintiff was permitted to file in forma pauperis.
This the ___ day of June, 2003.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/_______________ DIANNE C. SELLERS COMMISSIONER
 S/____________ BUCK LATTIMORE CHAIRMAN